UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Taylor Morrison, Inc.,

Plaintiff,

v.

Ricardo De Camps,

Defendant.

**COMPLAINT**
(Jury Trial Demanded)

Plaintiff Taylor Morrison, Inc., complaining of the above-named Defendant, would allege and show unto this honorable Court as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Taylor Morrison, Inc. (hereinafter "Taylor Morrison" or "Plaintiff") is a corporation lawfully organized and existing pursuant to the laws of the State of Delaware and having its principal place of business in Scottsdale, Arizona.

2. Defendant Ricardo De Camps ("De Camps" or "Defendant") is natural person residing in Naples, Florida.

3. De Camps is subject to the personal jurisdiction of this Court in that he is a citizen and resident of the State of Florida.

4. This court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. § 1332, as there exists complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

5. Venue in this District is appropriate because the Defendant resides herein and the controversy between the parties arises out of Defendant's employment with Plaintiff within this District.

## FACTS OF THE CASE

6. Taylor Morrison is a business corporation that participates in the residential housing industry, and conducts operations in various states, including Texas and Florida.

7. Defendant is a former employee of Taylor Morrison.

8. Defendant was for a time employed by Taylor Morrison, working out of Taylor Morrison's Austin, Texas office.

9. In or about March, 2021, Defendant was offered, and accepted, a new position working for Taylor Morrison in Florida.

10. In connection with Defendant's acceptance of that position, Taylor Morrison offered, and Defendant accepted, two compensation packages that form the subject of the dispute giving rise to this action.

11. Defendant was offered, and accepted, a sign-on bonus of Twenty-Five Thousand and 00/100 ($25,000) Dollars ("the Bonus").

12. Defendant was offered, and accepted, a relocation compensation package ("the Relocation Package").

13. Taylor Morrison paid the Bonus to Defendant on or about May 21, 2021. As consideration for the Sign-On Bonus, Defendant executed a Promissory Note in favor of Taylor Morrison in which Defendant agreed that should he terminate his

employment with Taylor Morrison within twelve months of payment of the Bonus, then Defendant would be obligated to repay the Bonus to Taylor Morrison in full.

14. Pursuant to the Relocation Package, Taylor Morrison agreed to pay all expenses associated with Defendant's relocation from Austin, Texas to Naples, Florida ("the Expenses"). In consideration for the Relocation Package, Defendant executed a Promissory Note in favor of Taylor Morrison in which Defendant agreed that should he terminate his employment with Taylor Morrison within twelve months of payment of the Expenses, then Defendant would be obligated to repay the value of the Expenses to Taylor Morrison in full.

15. Taylor Morrison did in fact pay the Expenses in the amount of One Hundred Eighty-Nine Thousand Twenty-Three and 78/100 ($189,023.78) Dollars between March 23, 2021 and July 31, 2021.

16. On October 15, 2021, less than twelve months from the date of payment of the Bonus and the Expenses, De Camps voluntarily terminated his employment with Taylor Morrison in order to take another job.

17. Taylor Morrison has made due demand for payment under the Promissory Notes, and De Camps has failed and refused to repay the Bonus or the Expenses.

**FOR A FIRST CAUSE OF ACTION**
(Breach of Contract-Count 1)

18. Taylor Morrison incorporates the allegations contained in paragraphs 1 through 17 of the Complaint as if fully restated verbatim herein.

19. There exists a contract between Taylor Morrison and De Camps, as evidenced by the promissory note, by which Taylor Morrison agreed to pay to De Camps the Bonus and De Camps agreed to repay the Bonus in full if he did not remain employed with Taylor Morrison for a period twelve months.

20. Defendant terminated his employment with Taylor Morrison before the expiration of the twelve month period, and became obligated to repay the Bonus, but has failed and refused to do so.

21. Taylor Morrison fulfilled all of its contractual obligations to De Camps in connection with the Bonus.

22. De Camps, by his failure, despite due notice and demand, to remit payment due to Taylor Morrison, has breached the contract between the parties.

23. Taylor Morrison has suffered damages as the result of De Camps' breach and is entitled to recovery from Defendant of those damages, including, the full amount of the Bonus, plus interest, such incidental, consequential and additional damages as may be shown at trial, and attorneys' fees and legal costs.

**FOR A SECOND CAUSE OF ACTION**
(Breach of Contract-Count 2)

24. Taylor Morrison incorporates the allegations set forth at paragraphs 1 through 17 of the Complaint as if fully restated verbatim herein.

25. There exists a contract between Taylor Morrison and De Camps, as evidenced by the promissory note, by which Taylor Morrison agreed to pay the

Expenses for De Camps' benefit, and De Camps agreed to repay the Expenses in full if he did not remain employed with Taylor Morrison for a period twelve months.

26. Defendant terminated his employment with Taylor Morrison before the expiration of the twelve month period, and became obligated to repay the Expenses, but has failed and refused to do so.

27. Taylor Morrison fulfilled all of its contractual obligations to De Camps in connection with the Expenses.

28. De Camps, by his failure, despite due notice and demand, to remit payment due to Taylor Morrison, has breached the contract between the parties.

29. Taylor Morrison has suffered damages as the result of De Camps' breach and is entitled to recovery from Defendant of those damages, including, the full amount of the Expenses, plus interest, such incidental, consequential and additional damages as may be shown at trial, and attorneys' fees and legal costs.

WHEREFORE, Plaintiff, Taylor Morrison, Inc., prays that this Court:

1. Render judgment in its favor against Ricardo De Camps as to each of the Causes of Action alleged above;

2. As to Count 1 for Breach of Contract, award it actual damages in the amount of $25,000.00, plus interest;

3. As to Count 2 for Breach of Contract, award it actual damages in the amount of $189,023.78, plus interest;

4. Award Taylor Morrison such consequential and additional damages as may be shown at trial;

5. Award Taylor Morrison the attorneys' fees and costs incurred in the prosecution of this action against Defendant; and

6. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable as a matter of right.

Dated this 11th of May, 2022.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Two Datran Center
9130 S. Dadeland Boulevard, Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456

Steven S. Cula
Steven S. Cula
Florida Bar No. 1002949
steven.cula@ogletreedeakins.com

*Counsel for Plaintiff*