UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAYLOR MORRISON, INC.,

     Plaintiff,

v.                          Case No.:  2:22-cv-313-JES-KCD

RICARDO DE CAMPS,

     Defendant.

_____/

**ORDER**[1]

    This is a breach of contract action relating to Defendant Ricardo De Camps employment with Plaintiff Taylor Morrison, Inc. (Doc. 1.)[2] De Camps answered and filed a counterclaim against Taylor Morrison and a non-party— the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.—for violations of the Fair Debt Collection Practices Act. (Doc. 10.)

    In its complaint, Taylor Morrison alleges diversity. For diversity jurisdiction to apply, a plaintiff must allege facts supporting "complete diversity; every plaintiff must be diverse from every defendant." *Travaglio v.*

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

*Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). If there is any deficiency in subject-matter jurisdiction, the court is constitutionally obligated to dismiss the action. *Id.* at 1269. The party seeking federal jurisdiction must prove, by a preponderance of the evidence, facts supporting the exercise of jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

Taylor Morrison does not adequately plead diversity as to De Camps. The complaint alleges that De Camps resides in Naples, Florida. (Doc. 1 at 1.) But citizenship, for jurisdictional purposes, is the equivalent of one's domicile, not residence. *McCormick*, 293 F.3d at 1257. "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58. Taylor Morrison may file an amended complaint, which would moot the answer and counterclaim. *See Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER,* 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.").

Jurisdictional issues aside, the Court sees two problems with the case that it brings to the parties' attention now so hopefully they can be headed off in the future. First, Ogletree Deakins is not a counter-defendant. They are a third-party defendant that Taylor Morrison must serve in compliance with

Federal Rule of Civil Procedure 14. Second, if Ogletree Deakins is brought into the case as a third-party plaintiff, the law firm could have interests adverse to Taylor Morrison, their client. The Court expects Ogletree Deakins to bring any conflict to the Court's attention and to govern itself accordingly.

Finally, the parties must comply with all Local Rules moving forward, including Local Rule 1.08 governing typography (typeface must be Book Antiqua, Calisto MT, Century Schoolbook, Georgia, or Palatino; Times New Roman is permitted if the main text is at least 14-point, with other requirements).

Accordingly, it is **ORDERED**:

The Complaint (Doc. 1) is dismissed without prejudice for lack of subject-matter jurisdiction. Taylor Morrison may file an amended pleading by **August 23, 2022**.

**ENTERED** in Fort Myers, Florida this August 9, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

3